# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEMORRIS O. BANKS,
       Appellant,

v.

UNITED STATES POSTAL SERVICE,
       Agency.

DOCKET NUMBER
DA-3443-15-0255-I-1

DATE: September 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

DeMorris O. Banks, Cedar Hill, Texas, pro se.

Yvette K. Bradley, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his removal as untimely filed without good cause shown for the delay in filing. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the findings of the initial decision that the appeal was untimely filed and that the appellant failed to establish good cause for the delay in filing, but MODIFY the factual and legal analysis supporting those conclusions.

## BACKGROUND

¶2 The agency removed the appellant from his position as a full-time Clerk effective October 2, 2013. Initial Appeal File (IAF), Tab 7 at 31-33. He filed an appeal with the Board on February 15, 2015. IAF, Tab 1. The administrative judge calculated that the appeal was filed 472 days after the filing deadline of 5 C.F.R. § 1201.22(b). After issuing a show cause order regarding timeliness, IAF, Tab 4, and considering the appellant's responses, IAF, Tabs 8-9, the administrative judge issued an initial decision dismissing the appeal, finding that the appeal was untimely filed and that the appellant failed to establish good cause for his delay in filing. IAF, Tab 11, Initial Decision.

¶3 In his petition for review, the appellant asserted that he had filed a formal discrimination complaint and that he waited 400 days to file his Board appeal, stating that he could not file before the agency issued a decision on his formal complaint. Petition for Review (PFR) File, Tab 1 at 3. Because the record contained no record of a formal discrimination complaint, the Board issued an

order directing the parties to file evidence as to whether the appellant had filed a formal discrimination complaint regarding his removal. PFR File, Tab 5. In response, the appellant submitted evidence that he filed a formal complaint of discrimination regarding his removal on December 28, 2013. PFR File, Tab 6. The agency submitted evidence that it issued a final agency decision finding no discrimination on August 5, 2014. PFR File, Tab 7 at 7. It further submitted evidence that the appellant filed a discrimination complaint in the United States District Court for the Northern District of Texas on September 8, 2014, in which he alleged that the agency engaged in unlawful discrimination in effecting his removal. *Id.* at 26-27.[2]

## ANALYSIS

¶4    When an appellant has filed a timely formal complaint of discrimination with the agency, his appeal to the Board must be filed within 30 days after he receives the agency's resolution or final decision on the discrimination issue, or any time after 120 days after filing the formal complaint if the agency has not issued a formal decision. 5 C.F.R. § 1201.154(b). As the agency issued its final decision on the appellant's discrimination complaint on August 5, 2014, a timely appeal could have been filed no later than the second week of September 2014. The appeal was thus filed more than 4 months after the deadline.

---

[2] The agency should have apprised the Board during the regional office proceeding that the appellant had filed a formal discrimination complaint, that it issued a final decision on that complaint, and that the appellant had filed an action in U.S. district court alleging unlawful discrimination in connection with his removal. Not only did the agency not so inform the Board, it incorrectly asserted that the appellant had not filed a formal discrimination complaint. IAF, Tab 7 at 10. The agency also gave conflicting information in its narrative response to the appeal regarding jurisdiction and timeliness. It first said that the Board lacked jurisdiction because it had only issued a proposal notice and had not issued a final decision on the appellant's removal. *Id.* at 6. On the very next page, it asserted that the appeal should be dismissed as untimely because the agency had issued its removal decision more than a year earlier. *Id.* at 7. We remind the agency of its responsibility to give full and accurate information concerning matters that affect determinations as to whether an appeal is within the Board's jurisdiction and/or is timely.

¶5    That the appellant filed a civil action in the U.S. district court about the same time that an appeal to the Board was due does not demonstrate good cause for his untimely filing with the Board.  In *Dearsman v. Department of the Treasury*, 16 M.S.P.R. 631 (1983), the Board acceded to the finding in the initial decision that the appellant showed good cause for his untimely Board appeal where he filed an action in U.S. district court challenging the agency action before filing a Board appeal.  In so ruling, the Board considered the "potentially confusing procedures" for mixed-case appeals under the Civil Service Reform Act and relied in part on 5 U.S.C. § 7702(f), which provides that an appeal filed with the wrong "agency" shall be treated as filed with the correct agency.  *Dearsman*, 16 M.S.P.R. at 635-36.  The Board added the following caveat to its decision: "We stress prospectively, however, that conscious election of forum will not be interpreted to constitute 'good cause' for waiver of our time limitations . . . ." *Id.* In *Buckser v. Environmental Protection Agency*, 45 M.S.P.R. 274 (1990), the Board held that a U.S. district court is not an "agency" within the meaning of section 7702(f) and that filing with the court did not excuse untimely filing with the Board.  *Id.* at 278‑79.[3]

¶6    Here, the agency's final decision on the appellant's formal discrimination complaint accurately informed the appellant of his options of filing a Board appeal or filing an action in U.S. district court.  PFR File, Tab 7 at 24-25.  Thus, we find that the appellant made a conscious election of forum when he filed his action in court, and he has not established good cause for the untimely filing of his Board appeal.  Accordingly, we affirm the initial decision.

---

[3] Filing an action in U.S. district court does not deprive the Board of jurisdiction over the appeal; a mixed-case appeal can be simultaneously adjudicated by the Board and a U.S. district court.  *Hooker v. Department of Veterans Affairs*, 122 M.S.P.R. 551, ¶ 6 (2015); *Padilla v. Department of the Air Force*, 58 M.S.P.R. 561, 567 (1993).  The appellant's action in district court is still pending.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[4]

The initial decision, as modified by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

---

[4] The administrative judge failed to inform the appellant of his mixed-case right to appeal from the initial decision on his discrimination claims to the Equal Employment Opportunity Commission and/or the United States District Court. This was error, but it does not constitute reversible error, because we notify the appellant of his mixed-case appeal rights in this Final Order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                           _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.